IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LI'TRENDIA WEST and
CHARMAINE HARTFIELD                                          PLAINTIFFS

v.                                          CIVIL NO. 1:16-cv-156-HSO-JCG

MARIO HILL and
CITY OF GULFPORT                                             DEFENDANTS

### ORDER DENYING DEFENDANT MARIO HILL'S
### AMENDED MOTION TO DISMISS [37]

BEFORE THE COURT is Defendant Mario Hill's Amended Motion to Dismiss [37] the claims asserted by Plaintiffs Li'Trendia West and Charmaine Hartfield in their Amended Complaint [18] for failure to timely perfect service of process. This Motion is fully briefed. For the reasons that follow, the Court finds that Defendant's Amended Motion is not well taken and should be denied.

### I. RELEVANT BACKGROUND

This case arises out of an incident which allegedly occurred on June 8, 2014. Plaintiffs Li'Trendia West ("West") and Charmaine Hartfield ("Hartfield") (jointly, "Plaintiffs") allege in their Amended Complaint [18] that they were subjected to "violent and abusive conduct" by Defendant Mario Hill ("Defendant Hill") due to Defendant City of Gulfport's (the "City") failure to "adopt and implement policies and procedures" to prevent such conduct. Am. Compl. [18] at 2-5.

Specifically, they claim that after they called the Gulfport Police Department to report a disturbance at a business on Beach Boulevard in Gulfport, Mississippi, Defendant Hill, a police officer with the Gulfport, Mississippi, Police Department, responded and offered to drive them back to their hotel room. *Id*. at 2. Instead, Defendant Hill parked on a dark street, ordered West out of the patrol car, and then exposed himself, groped West, and sexually propositioned her. *Id.* Plaintiffs further claim that Defendant Hill exposed himself to Hartfield suggesting that she "touch it" while otherwise sexually propositioning her. *Id*. Plaintiffs advance 42 U.S.C. § 1983 claims against Defendant Hill for actions taken "under the color of state law," and against the City for its deliberate indifference in failing "to investigate, train, supervise and discipline Defendant Hill" and in failing to adopt adequate policies and procedures that would have prevented Defendant Hill's conduct. *Id*. at 2-5.

On February 20, 2017, Defendant Hill filed his Amended Motion to Dismiss [37] arguing that Plaintiffs failed to timely effect service of process upon him. Am. Mot. [37] at 1-2.[1] Defendant Hill asserts that dismissal is required "pursuant to the

---

[1] Defendant Hill also appears to contend that an additional basis for dismissal is that the Amended Complaint is duplicative of a prior Complaint filed in this Court in Civil No. 1:15cv399-LG-RHW, which was voluntarily dismissed without prejudice by Plaintiffs on April 21, 2016, because they could not effectuate service of process on Defendant Hill. Mem. in Opp'n [38] at 2-3. The voluntary dismissal of a prior

provisions of Rule 4(m), 12(b)(2), 12(b)(5) and 41(b) of the Federal Rules of Civil Procedure." Am. Mot. [37] at 2. Plaintiffs respond that a court has broad authority under Rule 4(m) to extend the time for service "regardless of a showing of good cause," citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Mem. in Opp'n [43] at 1-3.

## II. DISCUSSION

A. Federal Rule of Civil Procedure 4(m) standard

Rule 4(m) provides in relevant part that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The United States Court of Appeals for the Fifth Circuit has held that under Rule 4(m) a trial court "must" grant an extension of time to serve process if a plaintiff establishes good cause for failure to serve, and may, in its discretion, grant additional time absent a showing of good cause. *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

---

lawsuit is not relevant to the resolution of Defendant's Amended Motion to Dismiss [38].

3

Absent proper service, a party may enter a general appearance and thereby waive the affirmative defenses of insufficient service of process under Rule 12(b)(5) and lack of personal jurisdiction under Rule 12(b)(2). FED R. CIV. P. 12(b)(5).

B. <u>Defendant Hill was properly served, albeit untimely, but his Amended Motion to Dismiss [37] should be denied.</u>

Defendant Hill appears to concede that he was properly served, albeit untimely, with the Summons and Amended Complaint on January 24, 2017. Am. Mot. [37] at 1. Defendant Hill's responsive pleading was due 21 days later or by February 14, 2017.

On February 13, 2017, United States Magistrate Judge John C. Gargiulo conducted a telephonic Case Management Conference at which Defendant Hill appeared pro se and participated along with counsel for the other parties. Following the Conference, the Magistrate Judge entered a Case Management Order ("CMO") [32]. CMO [32] at 1-5. The CMO specifically provided that Defendant Hill was granted additional time "until close of business February 17, 2017," in which to answer or otherwise respond to the Amended Complaint. CMO [32] at 4.

Regardless of whether Defendant Hill's participation in the Case Management Conference or his utilization of the Court's grant of additional time to respond to the Amended Complaint rose to the level of "affirmative action" sufficient to establish a general entry of appearance, the Court finds that based

4

upon the record Defendant Hill's Amended Motion should be denied under this Court's discretionary authority to extend the time for service of process under Rule 4(m), even absent a showing of good cause.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Mario Hill's Amended Motion to Dismiss [37] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE