IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LI'TRENDIA WEST and
CHARMAINE HARTFIELD                                                PLAINTIFFS

v.                                                    CIVIL NO. 1:16-cv-156-HSO-JCG

MARIO HILL and
CITY OF GULFPORT                                                   DEFENDANTS

**ORDER DENYING DEFENDANT CITY OF GULFPORT,
MISSISSIPPI'S AMENDED MOTION TO DISMISS [21]**

BEFORE THE COURT is Defendant City of Gulfport, Mississippi's Amended Motion to Dismiss [21] the claims asserted by Plaintiffs Li'Trendia West and Charmaine Hartfield in their Amended Complaint [18]. This Motion is fully briefed. For the reasons that follow, the Court finds that Defendant's Motion should be denied.

I. RELEVANT BACKGROUND

This case arises out of an incident which allegedly occurred on June 8, 2014. Plaintiffs Li'Trendia West ("West") and Charmaine Hartfield ("Hartfield") (jointly, "Plaintiffs") allege in their Amended Complaint [18] that they were subjected to "violent and abusive conduct" by Defendant Mario Hill ("Defendant Hill") due to Defendant City of Gulfport's (the "City") failure to "adopt and implement policies and procedures" to prevent such conduct. Am. Compl. [18] at 2-5.

Specifically, they claim that after they called the Gulfport Police Department to report a disturbance at a business on Beach Boulevard in Gulfport, Mississippi, Defendant Hill, a police officer with the Gulfport, Mississippi, Police Department, responded and offered to drive them back to their hotel room. *Id*. at 2. Instead, Defendant Hill parked on a dark street, ordered West out of the patrol car, and then exposed himself, groped West, and sexually propositioned her. *Id*. Plaintiffs further claim that Defendant Hill exposed himself to Hartfield suggesting that she "touch it" while otherwise sexually propositioning her. *Id*. Plaintiffs advance 42 U.S.C. § 1983 claims against Defendant Hill for actions taken "under the color of state law," and against the City for its deliberate indifference in failing "to investigate, train, supervise and discipline Defendant Hill" and in failing to adopt adequate policies and procedures that would have prevented Defendant Hill's conduct. *Id*. at 2-5.

On November 18, 2016, the City filed an Amended Motion to Dismiss [21] on grounds that the Amended Complaint contains only conclusory allegations of violations of Plaintiffs' constitutional rights, and that the allegations against the City appear to be predicated upon a theory of vicarious liability. Am. Mot. to Dismiss [21] at 4-5. The City seeks dismissal under Federal Rules of Civil Procedure 12(b) and/or 56. *Id*. The City asserts that, based upon the Affidavit of Leonard Papania, Chief of Police for the City of Gulfport, the only "existing proof is

that the City did conduct a thorough background check of Hill's past" which revealed no prior criminal activity and that no prior sexual harassment complaints had been lodged against any City law enforcement officer, including Defendant Hill, prior to those advanced by Plaintiffs.

Plaintiffs' Response in Opposition [26] maintains that the Amended Complaint does make "sufficient allegations to state a claim for liability against the City under 42 U.S.C. § 1983." Resp. in Opp'n [26] at 1. Plaintiffs contend that dismissal at this early stage of the litigation would be improper in that they have stated a sufficient factual basis to support their claims and have not had the benefit of discovery concerning the City's policies. Mem. [27] at 1-3.

## II. DISCUSSION

A. The Amended Motion to Dismiss.

1. Federal Rule of Civil Procedure 12(b)(6) standard.

In considering a motion to dismiss under Rule 12(b)(6), the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff

must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

> The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Id.* (footnote omitted).

2. <u>Viewing the facts in the light most favorable to Plaintiffs, the allegations contained in their Amended Complaint are sufficient to state a claim against the City of Gulfport.</u>

The Court is of the view that under Rule 8(a)(2), the allegations set forth in the Amended Complaint are sufficient at this early stage of the case to state a claim against the City under 42 U.S.C. § 1983. Rule 12(b)(6) mandates that this Court accept Plaintiffs' alleged facts as true and construe them in the light most favorable

4

to Plaintiffs. Under this standard, the City's Motion to Dismiss under Rule 12 (b)(6) is not well taken.

B. The City's request for Summary Judgment.

1. Rule 56 standard.

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

5

2. <u>Viewing the evidence in the light most favorable to Plaintiffs, the City has not carried its summary judgment burden.</u>

The City proffers the Affidavit of Leonard Papania [21-1] to establish that there is no issue of fact as to the thoroughness of the background check conducted on Defendant Hill. The City has not submitted any evidence pertaining to the polices and procedures in place for conducting background investigations, or for the training, supervision, and discipline of its law enforcement officers.

Viewing the evidence in the light most favorable to Plaintiffs, the City has not carried its summary judgment burden and its Rule 56 Motion should be denied. Even if the City carried its burden as to the issue of Defendant Hill's background check, the Court finds that, at this early stage of this litigation, a better course would be to allow the case to proceed. *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986); *see Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) ("A district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial.").

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant City of Gulfport, Mississippi's Amended Motion to Dismiss [21] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE